DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas. On May 23, 2006, just prior to the jury trial commencing, appellant voluntarily dismissed his case pursuant to Civ.R. 41(A)(1)(a). In a judgment dated May 26, 2006, the trial court assessed the court costs of the dismissed case to appellant and mandated that appellant pay these costs as a prerequisite to refiling. For the reasons set forth below, this court reverses the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following sole assignment of error:
 {¶ 3} "Assignment of error No. 1. When a civil plaintiff files a voluntary dismissal in court and gives notice of dismissal pursuant to Civil Rule 41(A)(1)(a); a trial court lacks jurisdiction, errs and abuses its discretion when, after the voluntary dismissal notice is filed, the court requires the plaintiff to `prepay' court costs prior to being allowed to refile the action in violation of Civil Rule 41(D)."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. The matter before us stems from an automobile accident between the parties occurring in Erie County, Ohio.
 {¶ 5} On August 25, 2004, appellant filed suit against appellee for claimed damages arising from the motor vehicle accident. On May 23, 2006, the matter was scheduled for jury trial. Faced with adverse rulings on pretrial motions, appellant voluntarily dismissed the matter pursuant to Civ.R. 41(A)(1)(a) immediately prior to trial.
 {¶ 6} On May 26, 2006, the trial court issued a judgment detailing the relevant events connected to the voluntary dismissal and confirming the case dismissal. In addition, the judgment contained another provision which is the sole subject of this appeal.
 {¶ 7} The trial court assessed the costs of the dismissed action to appellant and required that appellant pay these costs as a prerequisite to refiling the action. A timely appeal of that portion of the judgment was filed.
 {¶ 8} Our review of the trial court's actions in requiring the costs assessed in a matter previously dismissed to be paid as a precondition of refiling is conducted pursuant to an abuse of discretion standard.
 {¶ 9} Prevailing caselaw establishes that the term abuse of discretion connotes more than a mere error of law or judgment; it implies that the court's action was such that it can be fairly characterized as unresponsible, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying this abuse of discretion standard of review, we must not substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Oho St.3d 135, 138. Given these parameters of review, we must review the express language of the pertinent rule of civil procedure, review the disputed provision in the judgment, compare them, and determine whether that portion of the judgment was unreasonable, arbitrary or unconscionable.
 {¶ 10} Civ.R. 41(D) is determinative to our analysis. Civ.R. 41(D) states, "If a plaintiff who has once dismissed a claim in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the claim previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."
 {¶ 11} We first note for clarity that at the time the disputed judgment was issued, appellant had not refiled the voluntarily dismissed action underlying this case. On May 26, 2006, the trial court assessed court costs of the dismissed case to appellant and simultaneously mandated the costs be paid prior to refiling by appellant. At the time this judgment was rendered, the original case had been dismissed and no refiling had been made.
 {¶ 12} While Civ.R. 41(D) grants trial courts with the authority to collect court costs against one who has previously voluntarily dismissed the same matter, this authority is not triggered until the case is refiled. In this case, the trial court's attempt to require payment of the costs occurred prior to refilling. As such, it was premature. We find no source of legal authority enabling the trial court to require payment of the costs as a mandatory condition of refiling.
 {¶ 13} Given this discrepancy between the parameters of Civ.R. 41 (D) and the disputed judgment, we are persuaded that requiring the payment of prior costs as a condition of refiling is unreasonable and arbitrary.
 {¶ 14} The trial court's judgment that those costs be paid as a condition of refilling is an abuse of discretion. Appellant's sole assignment of error is well-taken.
 {¶ 15} On consideration whereof, we find that the portion of the judgment of the Erie County Court of Common Pleas requiring payment of costs as a condition of refiling is reversed and vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.